# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WHITNEY RIVERO**                                                            **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.:**   2:21-cv-131-HSO-RHWR

**BRP U.S., INC. and**
**NATCHEZ POWERSPORTS, LLC**                                        **DEFENDANTS**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant BRP US Inc. ("BRP") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and gives notice of the removal of this action from the Circuit Court of Lawrence County, Mississippi to the United States District Court for the Southern District of Mississippi, Eastern Division. As grounds for this removal, BRP states as follows:

1. BRP is a named defendant in an action commenced on or about August 31, 2021 in the Circuit Court of Lawrence County, Mississippi, captioned *Whitney Rivero v. BRP U.S., Inc. and Natchez Powersports, LLC*; Cause No. 21-102PH (the "State Court Action").

2. Plaintiff served BRP with his Summons and Complaint on September 7, 2021. *See* Ex. A, all process, pleadings, and orders served on BRP in the State Court Action. Therefore, this removal is timely filed within 30 days of receipt of the initial pleading setting forth Plaintiff's claim for relief upon which his action is based. *See* 28 U.S.C. § 1446(b)(1).

3. As of the date of this Notice of Removal, Defendant Natchez Powersports, LLC ("Natchez") has not been served with the Summons and Complaint. *See* Ex. B, Affidavit of William Moore ("Moore Aff.") ¶ 14. Consent and joinder in the Notice of Removal by Natchez is thus unnecessary. *See Jones v. Watts*, No. 5:10–CV–189, 2011 WL 2160915, at *5 (S.D.

Miss. June 1, 2011) (citation omitted) ("Consent to removal is not required from . . . defendants who have not been served by the time of the removal."); *Leech v. 3M Co.*, 278 F. Supp. 3d 933, 941 (E.D. La. 2017) ("[T]he plain language of the rule of unanimity requires that only those defendants who have been served must join in or consent to removal."). In any event, and as set forth below, Natchez is not properly joined to this lawsuit. For this additional reason, Natchez's joinder in or consent to this removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A).

4. This Court has subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441(b) because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and all properly joined and served defendants.

5. The United States District Court for the Southern District of Mississippi, Eastern Division, embraces the county in which the State Court Action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. §§ 104(b)(3) and 1441(a).

6. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with a written Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Lawrence County, Mississippi.

7. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served upon BRP in the State Court Action.

8. Pursuant to Local Uniform Civil Rule 5(b), BRP will file a copy of the entire state court record no later than 14 days from the date of removal.

9. No previous application has been made for the relief requested herein.

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

10. A district court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 if the citizenship of each plaintiff is diverse from the citizenship of each properly joined and served defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I. There is complete diversity between Plaintiff and the only properly named defendant.**

11. Citizenship of the parties is determined at the time the Complaint is filed. *See Oatis v. Wal-Mart Stores, Inc.*, Civ. A. No. 2:13-CV-162-KS-MTP, 2013 WL5817590, at *1 (S.D. Miss Oct. 29, 2013) (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004)).

12. Diversity of citizenship exists in this case. According to the Complaint, Plaintiff was a citizen of the State of Mississippi "at the time of the incident giving rise to this Complaint" which is alleged to have occurred on October 4, 2020. Ex. A, Compl. ¶ 2. Therefore, Plaintiff's current citizenship (i.e., his citizenship as of the date this civil action was filed) is currently unpled for purposes of diversity of citizenship. Upon information and belief, and according to Plaintiff's own social media accounts, Plaintiff is either a current citizen of Louisiana or Mississippi. Ex. C, Affidavit of Lewis A. Watt.

13. Defendant BRP is, and was at the time of the filing of the State Court Action, a Delaware corporation with its principle place of business in Sturtevant, Wisconsin. Ex. D, BRP US Inc. 2021 Corporate Annual Report.[1]  Therefore, Defendant BRP is a citizen of Delaware and Wisconsin for purposes of diversity of citizenship.

---

[1] The Court may take judicial notice of this record for purposes of evaluating BRP's citizenship. *See Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (holding court would take judicial notice of public records on Mississippi Secretary of State's website because accuracy "cannot reasonably be questioned" (citing Fed. R. Evid. 201(b)(2))).

14. For the Court's jurisdictional inquiry, the citizenship of an improperly joined defendant is disregarded. *See, e.g.*, *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 389 (5th Cir. 2000). Accordingly, even though Natchez is a Mississippi limited liability company with members located in Mississippi, its citizenship is not considered in determining whether there is diversity of citizenship under section 1332.

15. Because Plaintiff is either a citizen of Mississippi or Louisiana and BRP is a not acitizen of Mississippi or Louisiana,[2] there is complete diversity among the properly joined and served parties, and removal is proper under 28 U.S.C. § 1332(a)(1).

## II. Non-diverse defendant Natchez is improperly joined.

16. A plaintiff cannot defeat federal jurisdiction premised on diversity by improperly joining a non-diverse defendant. *See Perry v. Clear Channel Braodcasting*, No. 2:07cv134-KS-MTP, 2008 WL 190573, at *2 (S.D. Miss. Jan. 18, 2008) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)). A plaintiff improperly joins a non-diverse defendant to defeat federal jurisdiction if: "(1) there is actual fraud in pleading jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the in-state defendant." *Campbell v.*

---

[2] If Plaintiff is currently a citizen of Louisiana, then there is complete diversity of citizenship between Plaintiff and Natchez, and thus additional grounds exist for pre-service removal. Natchez, albeit a resident citizen of Mississippi, has not been properly served. Ex. B, Moore Aff. ¶ 14. Pursuant to 28 U.S.C. § 1441(b)(2), commonly referred to as the "forum defendant rule," a defendant may remove an action based upon diversity jurisdiction unless "any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added). Therefore, at the time of removal, as long as no forum defendant has been "properly joined and served," a defendant may remove. *Texas Brine Co., L.L.C. v. Am. Arbitration Assoc., Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (forum-defendant rules' procedural bar to removal inapplicable until home-state defendant served with process); *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662 (S.D. Miss. 2002) ("[C]ourts have held, virtually uniformly, that ... an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)."); *Holmes v. Lafayette*, No. 4:11CV021-B-S, 2013 WL 654449 (N.D. Miss. Feb. 21, 2013). If Plaintiff is currently a citizen of Louisiana, removal is proper pursuant to 28 U.S.C. § 1441(b)(2) because Plaintiff did not serve Natchez prior to BRP's filing of this Notice of Removal.

4

*Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).  Here, Natchez is improperly joined because Plaintiff cannot establish a cause of action against it.

17.     When evaluating improper joinder under the second prong, the Court will conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *International Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (internal quotation marks and citation omitted).  However, the Court's inquiry "is broader than that for Rule 12(b)(6) because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell*, 509 at 669.  If the claims do not survive the 12(b)(6) analysis, the defendant is improperly joined.  *See International Energy Ventures*, *supra*, 818 F.3d at 200.

18.     Plaintiff's case concerns an alleged rollover in a 2019 Can-Am Commander XT.  Ex. A, Compl. ¶¶ 9, 12.  Plaintiff claims the Commander was "unreasonably dangerous" because it allegedly "malfunctioned causing the machine to suddenly turn on its own," and that the roll cage was a "pinch point" that caused him injury.  *Id.* ¶¶ 12, 13, 18.  He asserts claims of "defective products" and negligence against BRP and Natchez, as well as breach of warranty against Natchez.  *See generally id.*

19.     As to Natchez specifically, Plaintiff recites the provisions of the Mississippi Product Liability Act ("MPLA"), Miss. Code Ann. § 11-1-63, *see generally* Ex. A, Compl. at Counts III-IV, and alleges in conclusory fashion without reference to factual support that Natchez "altered or modified the Subject Commander and its component parts, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought."  Ex. A, Compl. ¶ 57.  Plaintiff also alleges that Natchez "designed, engineered,

5

manufactured, maintained, inspected, imported, distributed, supplied, marketed, advertised, and/or sold the Subject Commander," just as he alleges BRP did. *Id.* ¶ 67. *See also id.* ¶ 23 (alleging BRP "designed, engineered, manufactured, imported, distributed, supplied, marketed, advertised, and/or sold the Subject Commander").

20. Plaintiff's conclusory, generic allegations against Natchez are insufficient to divest this Court of subject matter jurisdiction. *See Randle v. SmithKline Beecham Corp.*, 338 F. Suppl 2d 704, 708 (S.D. Miss. 2004) ("Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined."). *See also Dickens v. A-1 Auto Parts & Repair Inc.*, No. 1:18CV162-LG-RHW, 2019 WL 545228, at *2 (S.D. Miss. Feb. 11, 2019) (finding innocent seller provision applicable and noting "a general allegation that the defendant failed to warn of the dangers it knew about cannot be equated with a factual allegation that the defendant had actual or constructive knowledge of the dangers that caused the injury" (quotation marks and citation omitted)). When Plaintiff's pleadings are pierced, it is clear there is no reasonable basis for him to recover against Natchez as a matter of law. *Badon*, *supra*, 224 F.3d at 390 (5th Cir. 2000).

21. As set forth in the affidavit of William Moore, Natchez did not design, manufacture, engineer, import, distribute, test, package, or label the Subject Commander. *See* Ex. B, Moore Aff. at ¶ 7. Upon receipt of the Subject Commander from BRP U.S., Inc. on April 25, 2019, Natchez installed the roll cage, the shocks, seatbelts, and seats, all of which accompanied the vehicle unit and were installed pursuant to instructions from the manufacturer. *Id.* ¶¶ 8-9. Natchez sold the Subject Commander to Westley Rivero, not Plaintiff, on October 8, 2019. *Id.* ¶ 10. Westley Rivero purchased a Can-Am accessory roof with the Subject Commander, which Natchez installed before giving possession of the unit to Westly Rivero. *Id.*

6

¶ 11.  Natchez's pre-sale work on the Subject Commander was otherwise limited to performing a pre-delivery inspection, initial service, and test-riding the unit.  *Id.*  There were no known issues with the Subject Commander at the time of sale.  *Id.*  Accordingly, no representative of Natchez altered or modified the Subject Commander, and no representative of Natchez had any knowledge of any alleged defective condition of the Subject Commander before or at the time of sale.  *Id.* ¶¶ 11-13.

22. The MPLA immunizes "innocent sellers who are not actively negligent, but instead are mere conduits of a product."  Miss. Code Ann. § 11-1-63(h).  Natchez is an innocent seller because it did not (1) exercise "substantial control" over any "aspect of the design, testing, manufacture, packaging, or labeling" of the Subject Commander, including its steering and roll cage components, (2) alter or modify the Subject Commander, including any alteration or modification that was a "substantial factor" in causing Plaintiff's claimed harm, and (3) have knowledge, actual or constructive, of an alleged defect in the Subject Commander.  *Id.*  *See also generally* Ex. B, Moore Aff.

23. Because Natchez is an innocent seller, Plaintiff does not have "a *reasonable* possibility of recovery" against BRP on any of Plaintiff's claims against it.  *Campbell*, 509 F.3d 665, 669 (5th Cir. 2007) (emphasis in original).  *See, e.g.*, *Prisock v. Tempur-Sealy Int'l, Inc.*, No. 1:19-cv-187-SA-DAS, 2020 WL 2404890, at *4 (N.D. Miss. May 12, 2020) (denying motion to remand where court found seller improperly joined because it was protected by innocent seller provision of MPLA, which applied to product liability claims as well as claims of negligence and breach of express and implied warranties).

24. For these reasons, Defendant Natchez is improperly joined and cannot defeat federal subject matter jurisdiction.

## III.     The amount in controversy is satisfied.

25.     Removal based on diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). The defendant may either show the Court that it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional minimum or, if not facially apparent, set forth facts supporting the requisite finding. *See Archie v. John St. John & Schneider Nat'l Bulk Carriers, Inc.*, Civ. A. No. 1:12CV141-LG-JMR, 2012 WL 2930768, at *1 (S.D. Miss. July 18, 2012) (citing *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 639, 639 (5th Cir. 2003)).  Under 28 U.S.C. § 1446(a), "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Oper. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

26.     It is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum. Plaintiff contends he suffered a left arm amputation as a result of the alleged rollover. Ex. A, Compl. ¶ 13. He also claims he "sustained catastrophic injuries, medical expenses, and permanent disfigurement" and "demands judgment for any and all damages available under all applicable Mississippi law." *Id.* at 7, ¶ 34.

27.     "A court is allowed to make 'common-sense inferences' about the amount in controversy based upon the injuries a plaintiff alleges in a complaint." *Estate of Montgomery v. Caregivers Servs., L.L.C.*, No. 1:18cv194-HSO-JCG, 2019 WL 206099, at *3 (S.D. Miss. Jan. 15, 2019) (citing *Robertson v. Exxon Mobile Corp.*, 814 F.3d 236, 240-41 (5th Cir. 2015)). Applying this principle, this Court should find, as other courts in this jurisdiction have found as to similarly alleged injuries and damages as those raised by Plaintiff, that the amount in

controversy is facially apparent.  *See, e.g.*, *Estate of Montgomery*, *supra*, 2019 WL 206099 at *2-3 (S.D. Miss. Jan. 15, 2019) (in negligence and breach of contract action, damages for broken left ankle, broken right tibia, head and shoulder bruising, pain and suffering, shortened life with por quality, medical bills, and other damages sufficient to meet facially apparent standard); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (injury to wrist, knee, patella, and back with claimed damages for medical expenses, pain and suffering, lost wages, and permanent disability and disfigurement sufficient to meet amount in controversy); *Scirocco v. Ford Motor Co.*, 2014 WL 5817543, at *1-2 (S.D. Miss. Nov. 10, 2014) (in products case, claimed damages of "severe, painful and permanent physical injuries," as well as anguish, anxiety, pain and suffering, disfigurement, wage loss, and medicals met amount in controversy); *id.* at n.1 (collecting cases where similar allegations sufficient to meet amount in controversy from face of complaint).

28.  Moreover, Plaintiff's complaint is tellingly silent regarding the amount in controversy when he otherwise expressly explains why this Court otherwise purportedly cannot exercise subject matter jurisdiction.  In Plaintiff's jurisdictional allegations, he claims there is no federal question in his Complaint and that he named a Mississippi resident defendant such that there is no complete diversity.  Ex. A, Compl. ¶ 1.  The absence of an allegation addressing the federal amount in controversy when Plaintiff has otherwise set forth reasons why this Court purportedly lacks jurisdiction, coupled with the claimed damages, demonstrates that the amount in controversy is satisfied.

29.  In light of the foregoing, Plaintiff's claimed damages to date as pled exceed the jurisdictional threshold.  28 U.S.C. § 1332(a).

## **CONCLUSION**

30. Accordingly, this action is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" pursuant to 28 U.S.C. §1441(a), and is properly removable to this Court as a "civil action" where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…Citizens of different States" within the meaning of 28 U.S.C. § 1332(a).

31. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of BRP's right to assert any defense or affirmative matter available under Mississippi or Federal Rule of Civil Procedure 12, or any state or federal statute.

WHEREFORE, PREMISES CONSIDERED, Defendant BRP US Inc. respectfully removes the State Court Action from the Circuit Court of Lawrence County, Mississippi to the United State District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted, this the 7th day of October, 2021.

                                      BRP US INC.

By: *s/ Kathleen Ingram Carrington*
      Lem E. Montgomery III (MB No. 100686)
      Kathleen Ingram Carrington (MB No. 104220)

ITS ATTORNEYS

OF COUNSEL:

Lem E. Montgomery III (MB No. 100686)
BUTLER SNOW LLP
Post Office Box 6010 (39158)
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Tel:  601-948-5711
Fax:  601-985-4500
lem.montgomery@butlersnow.com

Kathleen Ingram Carrington (MB No. 104220)
BUTLER SNOW LLP
150 3rd Ave. S, Suite 1600
Nashville, TN 37201
Tel:  615-651-6745
Fax:  615-651-6701
kat.carrington@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to all counsel of record.

SO CERTIFIED, this the 7th day of October, 2021.

*s/ Kathleen Ingram Carrington*
KATHLEEN INGRAM CARRINGTON