

# Service of Process Transmittal

09/07/2021
CT Log Number 540199591

| | |
|---|---|
| **TO:** | Martin Langelier<br>BRP US Inc.<br>726 St-Joseph St.<br>Valcourt, QC J0E 2L0 |
| **RE:** | **Process Served in Mississippi** |
| **FOR:** | BRP US INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: Whitney Rivero // To: BRP US INC. |
| DOCUMENT(S) SERVED: | -- |
| COURT/AGENCY: | None Specified<br>Case # 21102PH |
| NATURE OF ACTION: | Product Liability Litigation - Lemon Law |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Flowood, MS |
| DATE AND HOUR OF SERVICE: | By Process Server on 09/07/2021 at 14:37 |
| JURISDICTION SERVED : | Mississippi |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 09/07/2021, Expected Purge Date: 09/12/2021<br><br>Image SOP |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# IN THE CIRCUIT COURT OF LAWRENCE COUNTY, MISSISSIPPI

**WHITNEY RIVERO**                                           **PLAINTIFF**

**v.**                                                    **CAUSE NO. 21-102 PH**

**BRP U.S., INC., and**
**NATCHEZ POWERSPORTS, LLC**                              **DEFENDANTS**

## SUMMONS

**STATE OF MISSISSIPPI**
**COUNTY OF LAWRENCE**

TO: **BRP U.S., INC.**
     Registered Agent: CT Corporation System
     645 Lakeland East Drive, Suite 101
     Flowood, Mississippi 39232

## NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Benjamin Wilson, Esq., attorney for Plaintiffs, whose address is Morgan & Morgan, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons of Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

Issued, under my hand and the seal of said Court, this 31st day of Aug, 2021.

By: _/s/ Tracy Carney_
CIRCUIT COURT CLERK

REQUESTED BY:

    BENJAMIN H. WILSON, MSB No. 103586
    MORGAN & MORGAN PLLC
    4450 Old Canton Road, Suite 200
    Jackson, Mississippi 39211
    Telephone:   601-718-0940
    Facsimile:   601-503-1616
    bwilson@forthepeople.com

    JOSHUA D. MOORE, (*pro hac vice application* pending)
    Florida Bar No.: 0041680
    HARRIS I. YEGELWEL, (*pro hac vice application* pending)
    Florida Bar No.: 124285
    MORGAN & MORGAN, P.A.
    20 North Orange Avenue, 15th Floor
    Orlando, Florida 32802-4979
    Telephone:   407-420-1414
    joshmoore@forthepeople.com
    hyegelwel@forthepeople.com

    ***ATTORNEYS FOR PLAINTIFF***

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| WHITNEY RIVERO | | PLAINTIFF |
| v. | | CAUSE NO. 21-102-PH |
| BRP U.S., INC., and NATCHEZ POWERSPORTS, LLC | | DEFENDANTS |

FILED
LAWRENCE COUNTY, MISSISSIPPI
AUG 31 2021
JAMES B. BRISTER, CIRCUIT CLERK

## COMPLAINT
## JURY TRIAL REQUESTED

COMES NOW, Plaintiff, Whitney Rivero, through his undersigned counsel, hereby files his Complaint against Defendants, BRP U.S., Inc., and Natchez Powersports, LLC. In support thereof, Plaintiff states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter and venue is proper in the Circuit Court of Lawrence County, Mississippi in accordance with § 11-11-3 of the Mississippi Code Annotated, as amended. This Court has subject matter jurisdiction of this matter pursuant to the provisions of § 9-7-81 in that the subject matter of this litigation is not made exclusively cognizable in some other Court by the Constitution and laws of this state, and the principal of the amount in controversy is within the jurisdictional limit of this Court. Further, the Federal Courts lack subject matter jurisdiction over this action, as there is no Federal question and there is incomplete diversity of citizenship due to the presence of Mississippi resident Defendants. Accordingly, removal is improper. No claim of admiralty or maritime law is raised. Plaintiff sues no foreign state or agency.

### THE PARTIES

2. At the time of the incident giving rise to this Complaint, the Plaintiff, Whitney

Rivero, lived in Lawrence County, Mississippi.

3. At all times material hereto, BRP U.S., Inc. ("BRP") is a Delaware corporation that is registered with and authorized by the Mississippi Department of State to do business in Mississippi. BRP can be served by serving its registered agent for service of process in Mississippi, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4. BRP is in the business of and derives substantial profit from designing, engineering, manufacturing, importing, distributing, supplying, marketing, testing, inspecting, advertising, and selling a wide range of off-road vehicles and component parts.

5. BRP, designed, engineered, manufactured, imported, distributed, supplied, marketed, tested, inspected, advertised, and/or sold the Subject Commander.

6. At all times material hereto, Natchez Powersports, LLC. ("Natchez") is a corporation that is registered with and authorized by the Mississippi Department of State to do business in Mississippi. Natchez can be served by serving its registered agent for service of process in Mississippi, Glen Myatt, located at 88 Eagle Loop, Purvis, Mississippi 39475.

7. Natchez is in the business of and derives substantial profit from designing, engineering, manufacturing, importing, distributing, supplying, marketing, testing, inspecting, advertising, and selling a wide range of off-road vehicles and component parts.

8. Natchez, designed, engineered, manufactured, imported, distributed, supplied, marketed, tested, inspected, advertised, rented, leased and/or sold the Subject Commander.

## SUMMARY OF THE ACTION

9. This is an action for Strict Liability and Negligence arising from a defective and unreasonably dangerous product – a 2019 Can-AM Commander XT ATV VIN

#3JBKKAX23KJ061051, and component parts (hereinafter the "Subject Commander") – which malfunctioned when the plaintiff, Whitney Rivero, was using it in a reasonably foreseeable and intended manner – returning home from a friend's house.

10. Plaintiff, Whitney Rivero, now sues Defendants, BRP U.S., Inc., and Natchez PowerSports, LLC for their respective roles in designing, manufacturing, importing, distributing, supplying, and selling the Subject Commander in its defective condition.

## FACTS

11. On October 4, 2020, the Plaintiff, Whitney Rivero, was operating the Subject Commander as a mode of transportation while driving home from a friend's house.

12. While operating the Subject Commander, the Subject Commander malfunctioned causing the machine to suddenly turn on its own. The sudden turn caused the Subject Commander to roll onto its side.

13. Mr. Rivero's left arm was crushed under the roll cage once the vehicle turned over. Whitney was transported to the hospital and had to be airlifted to another due to severe injuries. As a result, his left arm had to be amputated.

14. The Subject Commander is defective in its design, manufacture, and warning.

15. The Subject Commander's defective condition actually and proximately caused Whitney's injuries and damages.

16. At the time BRP placed the Subject Commander into the stream of commerce, BRP knew or should have known that the Subject Commander was defective in its design, manufacture, and warning and was otherwise unsafe for its intended and foreseeable uses.

17. At the time Natchez placed the Subject Commander into the stream of commerce, Natchez knew or should have known that the Subject Commander was defective in its design,

manufacture, and warning and was otherwise unsafe for its intended and foreseeable uses.

18. Further, BRP never warned the Plaintiff, Whitney Rivero, or any other consumer about the Subject Commander's unreasonably dangerous condition (that its roll cage was a pinch point and unreasonably dangerous hazard), never instructed the Plaintiff or consumers on how to prevent the type of loss of control and operational malfunction that caused the Plaintiff's severe and life-altering injuries.

19. BRP's decision to design, manufacture, distribute, and otherwise place the Subject Commander into the stream of commerce in this unreasonably dangerous and defective condition, and continued to manufacture, design, and place the Subject Commander into the stream of commerce were primarily—if not exclusively—motivated by financial considerations.

20. Natchez's decision to market, advertise, import, distribute, rent, lease, and otherwise place the Subject Commander into the stream of commerce in this unreasonably dangerous and defective condition, and continued to manufacture, design, and place the Subject Commander into the stream of commerce were primarily—if not exclusively—motivated by financial considerations.

**CONDITIONS PRECEDENT**

21. All conditions precedent have been satisfied or excused.

**COUNT I—DEFECTIVE PRODUCTS – DEFENDANT BRP U.S., INC.**

22. Plaintiff, Whitney Rivero, re-alleges and incorporates Paragraphs 1 through 20 of this Complaint as if fully stated herein.

23. BRP designed, engineered, manufactured, imported, distributed, supplied, marketed, advertised, and/or sold the Subject Commander and otherwise placed the Subject Commander into the stream of commerce.

24. Pursuant to Miss. Code Ann. § 11-1-63, at the time the Subject Commander left the control of BRP:

   a. The Subject Commander was defective because it deviated in a material way from the specifications or from otherwise identical units manufactured to the same manufacturing specifications; and/or

   b. The Subject Commander was defective because it failed to contain adequate warnings or instructions; and/or

   c. The Subject Commander breached an express warranty or failed to conform to other express factual representations upon which Plaintiff justifiably relied in electing to use the product; and/or

   d. The defective condition rendered the Subject commander unreasonably dangerous to the user or consumer, including Plaintiff, for its intended or foreseeable use; and/or

   e. The defective and unreasonably dangerous condition of the Subject Commander proximately caused the harms, injuries, and damages, for which recovery is sought in this Complaint.

25. The Subject Commander's defective condition existed at the time the Subject Commander left BRP's final possession, custody, and control.

26. BRP knew or should have known that the ultimate users or consumers would not or could not properly inspect the Subject Commander for the dangerous conditions described herein and that the detection of such defects and dangers would be beyond the capabilities of such persons.

27. The Subject Commander remained substantially unchanged from the time it left BRP's final possession, custody, and control to the time of the incident giving rise to this lawsuit.

28. The harms, injuries, and damages Plaintiff seeks to recover compensatory damages for were not caused by any inherent characteristic of the Subject Commander which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's

usefulness or desirability, and/or which was recognized by the ordinary person with the ordinary knowledge common to the community at the time Plaintiff purchased and used the Subject Commander.

29. At the time the Subject Commander left the control of BRP, BRP knew or in light of reasonably available knowledge should have known about the danger that caused the harms, injuries and damages to the Plaintiffs for which recovery is sought in this Complaint, and BRP knew or in light of reasonably available knowledge should have known that the ordinary user or consumer, such as Plaintiff, would not realize the Subject Commander's dangerous condition.

30. BRP knew or should have known that using the Subject Commander in the manner BRP expected and/or intended consumers, including Plaintiff, posed a risk of serious harms and injuries. BRP further knew or should have known that simple and inexpensive parts and other safety components would have prevented the Subject Commander from being unreasonably dangerous, and failed to warn consumers, including Plaintiff, of such danger. Plaintiff further alleges that BRP markets the Subject Commander to consumers that lack the mechanical knowledge to be able to appreciate the dangerous condition of this machine without reasonable safety components.

31. At the time Plaintiff purchased and used the Subject Commander, Plaintiff did not (i) have knowledge of a condition of the Subject Commander that was inconsistent with its safety; (ii) appreciated the danger in the condition of the Subject Commander; and/or (iii) deliberately and voluntarily chose to expose themselves to the danger in such a manner to register assent on the continuance of the dangerous condition.

32. At the time Plaintiff purchased and used the Subject Commander, the danger posed by the Subject Commander was not known, and was not open and obvious, to Plaintiff and/or any

ordinary and expected consumer or user of the product, and should not have been known or open and obvious to Plaintiff and/or any ordinary and expected consumer or user of the product, taking into account the characteristics of, and the ordinary knowledge common to, the persons who ordinarily use or consume the product.

33. At the time the Subject Commander left the control of BRP:

A. BRP knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the harms, injuries and damages for which recovery is sought in this Complaint; and/or

B. The Subject Commander failed to function as expected by Plaintiff and there existed a feasible design alternative that would have to a reasonable probability prevented the harms, injuries and damages sought in this Complaint; which feasible design alternative would have to a reasonable probability prevented the harms, injuries and damages suffered by the Plaintiffs without impairing the utility, usefulness, practicality or desirability of the product to users or consumers.

34. As a direct and proximate result of the foregoing defective condition of the Subject Commander, and BRP's strictly liable conduct, the Plaintiff, Whitney Rivero, sustained catastrophic injuries, medical expenses, and permanent disfigurement.

**WHEREFORE**, Plaintiff, Whitney Rivero, demands judgment for any and all damages available under all applicable Mississippi law against Defendant, BRP U.S., Inc., and for such other and further relief deemed proper by the Court.

## COUNT II—NEGLIGENCE – DEFENDANT BRP U.S., INC.

35. Plaintiff re-alleges and incorporates Paragraphs 1 through 20 of this Complaint as if fully stated herein.

36. BRP designed, engineered, manufactured, imported, distributed, supplied, marketed, advertised, and/or sold the Subject Commander and otherwise placed the Subject Commander into the stream of commerce.

37. BRP intended or reasonably foresaw that the Plaintiff, Whitney Rivero, would use

the Subject Commander.

38. BRP knew or should have known that the ultimate users or consumers would not or could not properly inspect the Subject Commander for the dangerous conditions described herein and that the detection of such defects and dangers would be beyond the capabilities of such persons.

39. The Subject Commander is defective in its design, manufacture, and warning as alleged in the immediately preceding count.

40. BRP owed a duty to the Plaintiff, Whitney Rivero, to properly design, engineer, manufacture, test, inspect, supply, distribute, and sell the Subject Commander in a reasonably safe condition and without defect so as not to present a danger to persons who would reasonably and foreseeably use the Subject Commander, including the Plaintiff, Whitney Rivero.

41. BRP owed a duty to the Plaintiff, Whitney Rivero, to provide adequate warnings and instructions about the dangers associated with using the Subject Commander and how to protect against these dangers.

42. BRP breached the above duties.

43. As a direct and proximate result of the foregoing negligence of BRP, and their actions and inactions, the Plaintiff, Whitney Rivero, sustained catastrophic injuries, medical expenses, and permanent disfigurement.

**WHEREFORE**, Plaintiff, Whitney Rivero, demands judgment for any and all damages available under all applicable Mississippi law against Defendant, BRP U.S., Inc., and for such other and further relief deemed proper by the Court.

### COUNT III—DEFECTIVE PRODUCTS – DEFENDANT NATCHEZ POWERSPORTS, LLC

44. Plaintiff re-alleges and incorporates Paragraphs 1 through 20 of this Complaint as

if fully stated herein.

45. Natchez is engaged in the business of selling and distributing off road vehicles and their component parts to the public, including selling of the Subject Commander to Plaintiff.

46. Pursuant to Miss. Code Ann. § 11-1-63, at the time the Subject Commander left the control of Natchez:

> f. The Subject Commander was defective because it deviated in a material way from the specifications or from otherwise identical units manufactured to the same manufacturing specifications; and/or
>
> g. The Subject Commander was defective because it failed to contain adequate warnings or instructions; and/or
>
> h. The Subject Commander breached an express warranty or failed to conform to other express factual representations upon which Plaintiff justifiably relied in electing to use the product; and/or
>
> i. The defective condition rendered the Subject Commander unreasonably dangerous to the user or consumer, including Plaintiff, for its intended or foreseeable use; and/or
>
> j. The defective and unreasonably dangerous condition of the Subject commander proximately caused the harms, injuries, and damages, for which recovery is sought in this Complaint.

47. The Subject Commander's defective condition existed at the time the Subject Commander left Natchez's final possession, custody, and control.

48. Natchez knew or should have known that the ultimate users or consumers would not or could not properly inspect the Subject Commander for the dangerous conditions described herein and that the detection of such defects and dangers would be beyond the capabilities of such persons.

49. The Subject Commander remained substantially unchanged from the time it left Natchez's final possession, custody, and control to the time of the incident giving rise to this lawsuit.

50. The harms, injuries, and damages Plaintiff seeks to recover compensatory damages for were not caused by any inherent characteristic of the Subject Commander which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability, and/or which was recognized by the ordinary person with the ordinary knowledge common to the community at the time Plaintiff purchased and used the Subject Commander.

51. At the time the Subject Commander left the control of Natchez, Natchez knew or in light of reasonably available knowledge should have known about the danger that caused the harms, injuries and damages to the Plaintiffs for which recovery is sought in this Complaint, and Natchez knew or in light of reasonably available knowledge should have known that the ordinary user or consumer, such as Plaintiff, would not realize the Subject Commander's dangerous condition.

52. Natchez knew or should have known that using the Subject Commander in the manner Natchez expected and/or intended consumers, including Plaintiff, posed a risk of serious harms and injuries. Natchez further knew or should have known that simple and inexpensive parts and other safety components would have prevented the Subject Commander from being unreasonably dangerous, and failed to warn consumers, including Plaintiff, of such danger. Plaintiff further alleges that Natchez markets the Subject Commander to consumers that lack the mechanical knowledge to be able to appreciate the dangerous condition of this machine without reasonable safety components.

53. At the time Plaintiff purchased and used the Subject Commander, Plaintiff did not (i) have knowledge of a condition of the Subject Commander that was inconsistent with its safety; (ii) appreciated the danger in the condition of the Subject Commander; and/or (iii) deliberately and

voluntarily chose to expose themselves to the danger in such a manner to register assent on the continuance of the dangerous condition.

54. At the time Plaintiff purchased and used the Subject Commander, the danger posed by the Subject Commander was not known, and was not open and obvious, to Plaintiff and/or any ordinary and expected consumer or user of the product, and should not have been known or open and obvious to Plaintiff and/or any ordinary and expected consumer or user of the product, taking into account the characteristics of, and the ordinary knowledge common to, the persons who ordinarily use or consume the product.

55. At the time the Subject Commander left the control of Natchez:

    A. Natchez knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the harms, injuries and damages for which recovery is sought in this Complaint; and/or

    B. The Subject Commander failed to function as expected by Plaintiff and there existed a feasible design alternative that would have to a reasonable probability prevented the harms, injuries and damages sought in this Complaint; which feasible design alternative would have to a reasonable probability prevented the harms, injuries and damages suffered by the Plaintiffs without impairing the utility, usefulness, practicality or desirability of the product to users or consumers.

56. Natchez exercised substantial control over that aspect of testing, packaging or labeling of the Subject Commander that caused the harm for which recovery of damages is sought.

57. Natchez altered or modified the Subject Commander and its component parts, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought

58. Natchez knew or should have known that the ultimate users or consumers would not or could not properly inspect the Subject Commander for the defective conditions described herein and that the detection of such defects and dangers would be beyond the capabilities of such persons at the time Natchez supplied the Subject Commander was a substantial factor in causing

the harm for which recovery of damages is sought.

59. As a direct and proximate result of the foregoing defective condition of the Subject Commander, and Natchez's strictly liable conduct, the Plaintiff, Whitney Rivero, sustained catastrophic injuries, medical expenses, and permanent disfiguration.

**WHEREFORE**, Plaintiff, Whitney Rivero, demands judgment for any and all damages available under all applicable Mississippi law against Defendant, Natchez Powersports, LLC, and for such other and further relief deemed proper by the Court.

## COUNT IV
## BREACH OF WARRANTY – NATCHEZ POWERSPORTS, LLC

60. Plaintiff re-alleges and incorporates Paragraphs 1 through 20 of this Complaint as if fully stated herein.

61. Pursuant to Miss. Code Ann. § 11-1-63, as amended, the Subject Commander breached an express warranty or failed to conform to other express facts or representations upon which Plaintiff justifiably relied in electing to purchase and use the Subject Commander inasmuch as the Subject Commander failed to perform as warranted and failed to conform with the express factual representation that the Subject Commander was safe to operate for her off road riding.

62. Natchez warranted that the Subject Commander was free of defects, was of merchantable quality, and was fit for the purposes and manners intended.

63. Plaintiff relied upon Natchez's express and implied warranties.

64. It was reasonable to expect that Plaintiff would use and depend upon the safe operation of the Subject Commander.

65. Natchez wantonly and recklessly violated its warranties by selling and marketing the Subject Commander which was not merchantable or fit for its intended uses.

WHEREFORE, Plaintiff, Whitney Rivero, demands judgment for any and all damages available under all applicable Mississippi law against Defendant, Natchez Powersports, LLC, and for such other and further relief deemed proper by the Court.

### COUNT V—NEGLIGENCE – DEFENDANT NATCHEZ POWERSPORTS, LLC

66. Plaintiff re-alleges and incorporates Paragraphs 1 through 20 of this Complaint as if fully stated herein.

67. Natchez designed, engineered, manufactured, maintained, inspected, imported, distributed, supplied, marketed, advertised, and/or sold the Subject Commander and otherwise placed the Subject Commander into the stream of commerce.

68. Natchez intended or reasonably foresaw that the Plaintiff, Whitney Rivero, would use the Subject Commander.

69. The Subject Commander is defective in its design, manufacture, and warning.

70. Natchez owed a duty to the Plaintiff, Whitney Rivero, to properly design, engineer, manufacture, test, inspect, supply, distribute, sell, and lease the Subject Commander in a reasonably safe condition and without defect so as not to present a danger to persons who would reasonably and foreseeably use the Subject Commander, including the Plaintiff, Whitney Rivero.

71. The Plaintiff, Whitney Rivero, could not have foreseen the issues outlined above and throughout upon a reasonable inspection of the Subject Commander.

72. Natchez owed a duty to the Plaintiff, Whitney Rivero, to provide adequate warnings and instructions about the dangers associated with using the Subject Commander and how to protect against these dangers.

73. Natchez breached the above duties.

74. As a direct and proximate result of the foregoing negligence of Natchez, and their

actions and inactions, the Plaintiff, Whitney Rivero, sustained catastrophic injuries, medical expenses, and permanent disfigurement.

**WHEREFORE**, Plaintiff, Whitney Rivero, demands judgment for any and all damages available under all applicable Mississippi law against Defendant, Natchez Powersports, LLC, and for such other and further relief deemed proper by the Court.

### DEMAND FOR JURY TRIAL

Plaintiff, Whitney Rivero, hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, Whitney Rivero, demands judgment against Defendants, BRP U.S., Inc., and Natchez Powersports, LLC, for pre-judgment interest as allowed by law; post-judgment interest as allowed by law; actual damages; cost of suit; and such other relief, at law or equity, to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED, this the 24th day of August 2021.

BENJAMIN H. WILSON, MSB No. 103586
MORGAN & MORGAN PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: 601-718-0940
Facsimile: 601-503-1616
bwilson@forthepeople.com

**JOSHUA D. MOORE, ESQ.** (*pro hac vice application pending*)
Florida Bar No.: 0041680
**HARRIS I. YEGELWEL, ESQ.**
Florida Bar No. 124285 (*pro hac vice appilcation pending*)
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
Orlando, FL 32802-4979
Telephone Phone: (407) 420-1414

Primary emails: joshmoore@forthepeople.com
hyegelwel@forthepeople.com
secondary emails: tcminer@forthepeople.com;
jsamulonis@forthepeople.com
*Attorneys for Plaintiff*